**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 19-374 (MAS) |
| v. | **MEMORANDUM OPINION** |
| ANDREW TABLACK | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Andrew Tablack's ("Defendant") Motion to Dismiss the Indictment. (ECF No. 102.) The Government opposed (ECF No. 103), and Defendant replied (ECF No. 104). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1, which is applicable to criminal cases under Local Criminal Rule 1.1. For reasons set forth below, the Court denies Defendant's Motion.

## I. BACKGROUND

On May 20, 2018, a federal grand jury charged Defendant in a two-count Indictment. (Indictment, ECF No. 33.) Count One charges Defendant with conspiracy to manufacture and distribute a fentanyl analogue, in violation of 21 U.S.C. § 846. (*Id.* at 1.) Count Two charges Defendant with the manufacture and distribution of a fentanyl analogue, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 813 and 18 U.S.C. § 2. (*Id.* at 2.)

Defendant moves to dismiss the Indictment. (ECF No. 102.) Defendant argues that the Indictment "fails to both allege facts and contain the elements of the offense intended to be charged." (Def.'s Moving Br. 1, ECF No. 102-2.) He also asserts the Controlled Substance

Analogue Enforcement Act of 1986 (the "Analogue Act"), 21 U.S.C. § 813, is void for vagueness and inapplicable to his conduct. (*Id.* at 1-2.)

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), a defendant may move to dismiss an indictment for "lack of specificity" or "failure to state an offense." "[S]uch dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges." *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000). "In considering a defense motion to dismiss an indictment, the district court accepts as true the factual allegations set forth in the indictment." *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990).

## III.   DISCUSSION

### A.   The Indictment is Sufficient.

"An indictment must contain 'a plain, concise and definite written statement of the essential facts constituting the offense charged.'" *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (citing Fed. R. Crim. P. 7(c)(1)). An indictment is facially sufficient to warrant a trial on the merits if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012). "[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy . . . ." *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989).

Defendant does not assert the factual allegations in the Indictment are so sparse that he cannot prepare a defense or invoke double jeopardy. Instead, Defendant asserts that allegations in

the Indictment are insufficient for the "mental state" and "controlled substance" elements of 21

U.S.C. § 841(a)(1).[1]

Here, the Indictment tracks the language of 21 U.S.C. § 841(a)(1) and § 813.[2] Count One

of the Indictment alleges:

> [Defendant] did *knowingly and intentionally* conspire to agree with others to manufacture, distribute, and posses with intent to manufacture and distribute a quantity of a mixture and substance containing a detectable amount of a Schedule I controlled substance analogue, . . . namely [cyclopropyl fentanyl,] *knowing that the substance was intended for human consumption* . . . .

(Indictment 1 (emphasis added).) Count Two similarly alleges:

> [Defendant] did *knowingly and intentionally* manufacture, distribute, and possess with intent to manufacture and distribute a quantity of a mixture and substance containing a detectable amount of a Schedule I controlled substance analogue, . . . namely [cyclopropyl fentanyl,] *knowing that the substance was intended for human consumption.*

(*Id.* at 2 (emphasis added).) The Indictment alleges that Defendant possessed cyclopropyl fentanyl, which he knew was intended for human consumption. This tracks the language of § 813 and brings cyclopropyl fentanyl within the definition of a controlled substance under § 841(a)(1). The Indictment also alleges that Defendant both "knowingly and intentionally" manufactured, distributed, and possessed cyclopropyl fentanyl, meeting the mental state requirement for § 813 and § 841(a)(1). Because the Indictment tracks the language of the statutes, and Defendant does not argue he is provided so little factual orientation that he cannot invoke double jeopardy, the

---

[1] 21 U.S.C. § 841(a)(1) provides: "[I]t shall be unlawful for any person *knowingly or intentionally* . . . to manufacture, distribute, or dispense, or possess with intent to manufacture distribute, or dispense, a *controlled substance*." 21 U.S.C. § 841(a)(1) (emphasis added).

[2] 21 U.S.C. § 813 provides: "A controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law[,] as a *controlled substance* in schedule I. 21 U.S.C. § 813(a).

3

Court shall not dismiss the Indictment for lack of specificity or failure to state an offense. *See United States v. Mosberg*, 866 F. Supp. 2d 275, 303 (D.N.J. 2011) ("[A]n indictment need not allege facts to provide evidentiary support for a violation of a criminal statute. Rather, the [i]ndictment may simply track the language of the statute while providing sufficient factual orientation to the defendant for double jeopardy purposes.").

Defendant also appears to assert that he may not be charged under the Controlled Substances Act as well as the Analogue Act for conduct involving a controlled substance analogue. (Def.'s Moving Br. 2–3, 18.) Because "the Analogue Act extends the framework of the [Controlled Substances Act] to analogous substances," *United States v. McFadden*, 576 U.S. 186, 193 (2015), courts have held charging a defendant under both statutes for conduct involving a controlled substance analogue is appropriate. *See, e.g.*, Indictment, *United States v. Charif*, No. 15-598, (D.N.J. Nov. 19, 2015), ECF No. 21; J., *Charif*, (D.N.J. May 22, 2017), ECF No. 35. Accordingly, the Indictment is not insufficient or improper for charging Defendant under both the Controlled Substances Act and Analogue Act where the Indictment alleges the Defendant's conduct involved a controlled substance analogue.

Finally, Defendant also appears to argue that the Indictment fails to state an offense because cyclopropyl fentanyl was only scheduled as a controlled substance after his relevant conduct. (Def.'s Moving Br. 3–4, 13–14, 17–25.) Defendant is correct that cyclopropyl fentanyl was placed into Schedule I of the Controlled Substances Act after his arrest. *See* Schedules of Controlled Substances: Temporary Placement of Cyclopropyl Fentanyl in Schedule I, 83 Fed. Reg. 469–72 (Jan. 4, 2018). But this is irrelevant. Because Defendant was charged under the Analogue Act, all that matters is whether cyclopropyl fentanyl was substantially similar to a Schedule I or II controlled substance. The Indictment alleges that cyclopropyl fentanyl is an analogue of fentanyl

4

and that fentanyl is a Schedule I controlled substance.[3] (Indictment 1–2.) Defendant does not dispute that fentanyl is a controlled substance under Schedule I or II. Defendant's argument, therefore, is simply misplaced.[4] Accordingly, the Court denies Defendant's Motion to Dismiss the Indictment based on any lack of specificity or failure to state an offense.

**B.    The Analogue Act is Not Void for Vagueness.**

The Analogue Act states that a "controlled substance analogue" intended for human consumption shall be treated as a controlled substance. 21 U.S.C. § 813(a). A "controlled substance analogue" is a substance:

> (i) the chemical structure of which is *substantially similar* to the chemical structure of a controlled substance in schedule I or II;
>
> (ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is *substantially similar* to or greater than the . . . effect . . . of a controlled substance in schedule I or II; or
>
> (iii) with respect to a particular person, which such person *represents or intends* to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is *substantially similar* to or greater than the . . . effect . . . of a controlled substance in schedule I or II.

21 U.S.C. § 802(32) (emphasis added). Defendant argues that the analogue provision is void for vagueness because the "substantially similar standard . . . does not . . . afford citizens fair notice" of which substances are substantially similar to controlled substances. (Def.'s Moving Br. 20.)

---

[3] The Government argues in its Opposition Brief that fentanyl is a Schedule II controlled substance. (Gov't's Opp'n Br. 19 (citing Gov't's Ex. A), ECF No. 103.) Upon a motion to dismiss an indictment, the Court "accepts as true the factual allegations set forth in the indictment." *Besmajian*, 910 F.2d at 1154. Because an analogue of either a Schedule I or II controlled substance will be treated as a controlled substance under the Analogue Act, *see* 21 U.S.C. § 802(32)(A), the Court reaches the same outcome under either version.

[4] To the extent Defendant argues cyclopropyl fentanyl is not substantially similar to fentanyl, that is a question of fact for the jury.

5

Defendant also argues the scienter requirements of the Analogue Act and Controlled Substances Act renders the statute void for vagueness. (*See id.* at 21–22, 31–32.)

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). Numerous courts have considered whether the Controlled Substances Act is void for vagueness since the Act was passed in 1986. Although the Court must acknowledge that "making criminality depend on the 'substantial similarity' of a substance to an expressly prohibited substance inevitably involves a degree of uncertainty," *United States v. Demott*, 906 F.3d 231, 237 (2d Cir. 2018), the Court agrees with the numerous courts that have found the Controlled Substances Act not void for vagueness based on the "substantial similarity" language. *E.g.*, *Demott*, 906 F.3d at 237–38; *United States v. Larson*, 747 F. App'x 927, 930 (4th Cir. 2018) (declining to overturn *United States v. Klecker*, 348 F.3d 69, 71–73 (4th Cir. 2003), which found "substantially similar" language not vague); *United States v. Turcotte*, 405 F.3d 515, 531–32 (7th Cir. 2005), *abrogated on other grounds by United States v. Novak*, 841 F.3d 721 (7th Cir. 2016); *United States v. Granberry*, 916 F.2d 1008, 1010 (5th Cir. 1990); *United States v. Orchard*, 332 F.3d 1133, 1137–38 (8th Cir. 2003); *United States v. Washam*, 312 F.3d 926, 930–32 (8th Cir. 2002); *United States v. Carlson*, 87 F.3d 440, 443–44 (11th Cir. 1996); *United States v. Hofstatter*, 8 F.3d 316, 321–22 (6th Cir. 1993); *United States v. Turks*, No. 17-444, 2018 WL 5292540, at *2–3 (N.D. Ohio Oct. 25, 2018) (holding, in prosecution for conduct involving cyclopropyl fentanyl, that the Controlled Substance Act was not void for vagueness on "substantially similar" or scienter grounds). Here, the statute provides that a substance is a controlled substance analogue (1) where the chemical structure is substantially similar to that of a controlled substance, (2) where the substance's effect on the central nervous system is substantially similar to that of a controlled

6

substance, or (3) where a person intends the substance to have a substantially similar effect on the central nervous system as a controlled substance. 21 U.S.C. § 802(32)(A). There is sufficient definiteness here for an ordinary person to understand what conduct is prohibited.

As for Defendant's argument that "triple-standard" mental state requirements of § 802(32)(A), § 813, and § 841(a)(1) in the Indictment render the Analogue Act void for vagueness, this argument is foreclosed by the United States Supreme Court's decision in *McFadden*, 576 U.S. at 197, which found the scienter requirement in the Analogue Act alleviated vagueness concerns and did not render the statute vague. *See Novak*, 841 F.3d at 727; *United States v. Carlson*, 810 F.3d 544, 550–51 (8th Cir. 2016); *Turks*, 2018 WL 5292540, at *3. Accordingly, the Court denies Defendant's Motion to Dismiss the Indictment on the basis that the Analogue Act is void for vagueness.

## IV.   CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss the Indictment.

*M a Shipp*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**