UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 19–374 (MAS) |
| v. | **MEMORANDUM ORDER** |
| ANDREW TABLACK | |

This matter comes before the Court on pro se Defendant Andrew Tablack's ("Defendant")
Renewed Motion for Judgment of Acquittal. (ECF No. 173.) The Government did not oppose. The
Court has carefully considered Defendant's submission and decides the matter without oral
argument under Local Civil Rule 78.1, which is applicable to criminal cases under Local Criminal
Rule 1.1.

I.   **BACKGROUND**

In July 2021, Defendant was tried for two drug-related offenses involving cyclopropyl
fentanyl, a controlled substance analogue. *See United States v. Tablack*, No. 19–374, 2021 WL
3925689 (D.N.J. July 20, 2021). After the Government rested, Defendant moved for judgment of
acquittal. *Id.* at * 2. The Court reserved judgment on the motion and submitted the case to the jury.
*Id.* The jury then returned a guilty verdict on both counts. *Id.*

Shortly thereafter, the Court issued a written decision denying Defendant's motion. In
reaching its decision, the Court noted that Defendant's motion recycled two arguments already
considered and rejected by the Court: (1) that the indictment was deficient, and (2) that cyclopropyl
fentanyl was not a scheduled controlled substance during the relevant period. *See id.* at *3–4.

As to Defendant's first argument, the Court reiterated that the indictment was sufficient
because it adequately tracked the language of the charged—and constitutionally upheld—statutes.

*Id.* at \*3. As to Defendant's second argument, the Court again explained that the fact that cyclopropyl fentanyl was not a scheduled controlled substance during the relevant period is irrelevant because the charged offenses involved a controlled substance analogue. *Id.* at \*4. What mattered, therefore, was whether cyclopropyl fentanyl is "substantially similar" to a schedule I or II controlled substance—not whether cyclopropyl fentanyl itself was a scheduled controlled substance at the time. *Id.* And, to the extent that Defendant contested the sufficiency of the Government's evidence at trial, the Court rejected that argument. *Id.* at \*5–6. The Court noted that the Government presented, among other things: testimony from Defendant's co-conspirator who provided a detailed account of Defendant's drug operation; evidence of Defendant's drug transactions on the dark web; a recorded conversation between Defendant and his ex-girlfriend in which Defendant discussed and acknowledged the illegality of his conduct; and testimony from DEA personnel who, based on their analysis, concluded that cyclopropyl fentanyl is substantially similar to fentanyl, a scheduled I controlled substance. *Id.*

Thus, the Court found that Defendant failed to meet his heavy burden of showing that the Government presented insufficient evidence to sustain a conviction and, accordingly, denied Defendant's motion for judgment of acquittal. *Id.* at \*6. Defendant now renews that motion.

## II.   **LEGAL STANDARD**

"[A] defendant who asserts that there was insufficient evidence to sustain a conviction shoulders 'a very heavy burden.'" *United States v. Tiangco*, 225 F. Supp. 3d 274, 278–79 (D.N.J. 2016) (quoting *United States v. Anderson*, 108 F.3d 478, 481 (3d Cir. 1997)). "The court cannot substitute its judgment for that of the jury. Hence it must view the evidence, and all reasonable inferences therefrom, in the light most favorable to the prosecution, resolving all credibility issues in the prosecution's favor." *Id.* (citing *United States v. Hart*, 273 F.3d 363, 371 (3d Cir. 2001); *United States v. Scanzello*, 832 F.2d 18, 21 (3d Cir. 1987)). "Having done so, the court must uphold

the conviction if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

### III.   **DISCUSSION**

In moving for judgment of acquittal, Defendant does not contest the sufficiency of the Government's evidence. Instead, Defendant rehashes his challenges about the sufficiency of the indictment and insists that he did not engage in unlawful conduct because cyclopropyl fentanyl was not a scheduled controlled substance during the relevant period. (Def.'s Moving Br. 2–12, ECF No 173.) But the Court has already considered and rejected those arguments more than once. *See Tablack*, 2021 WL 3925689, at *3–6; *United States v. Tablack*, No. 19–374, 2020 WL 5500382, at *2–4 (D.N.J. Sept. 11, 2020). Having already addressed Defendant's arguments at length, the Court need not do so again.

As noted, Defendant did not address—much less contest—the sufficiency of the Government's evidence and instead recycles flawed arguments already rejected by the Court. Defendant, therefore, cannot claim that this is a clear case where a finding of insufficiency is warranted. *See United States v. Smith*, 294 F.3d 473, 477 (3d Cir. 2002) ("[A] finding of insufficiency should 'be confined to cases where the prosecution's failure is clear.'" (quoting *United States v. Leon*, 739 F.2d 885, 891 (3d Cir. 1984))). On these facts, the Court again finds that Defendant fails to meet his heavy burden of showing that the Government presented insufficient evidence to sustain a conviction.

### IV.   **ORDER**

Accordingly, for the reasons set forth above and in the Court's September 12, 2020 and July 20, 2021 opinions and orders, and for other good cause shown,

**IT IS**, on this 6th day of October 2021, **ORDERED** as follows:

1.     Defendant's Motion (ECF No. 173) is **DENIED**.


MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE