**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW TABLACK | Criminal Action No. 19-374 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on pro se Defendant Andrew Tablack's ("Tablack") Motion for Reconsideration of the Court's October 6, 2021 Memorandum Order (the "Order"). (ECF No. 174.) The Government opposed (ECF No. 177), and Tablack filed a "Supplemental Brief" in reply (ECF No. 178). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1, which is applicable to criminal cases under Local Criminal Rule 1.1.

**I.  BACKGROUND**

The parties are familiar with the facts as this Court has written three separate opinions on this matter. *E.g.*, *United States v. Tablack ("Tablack I")*, No. 19-374, 2020 WL 5500382 (D.N.J. Sept. 11, 2020), ECF No. 108 (denying motion to dismiss indictment); *United States v. Tablack ("Tablack II")*, No. 19-374, 2021 WL 3925689 (D.N.J. July 20, 2021), ECF No. 170 (denying motion for judgment of acquittal); *United States v. Tablack ("Tablack III")*, No. 19-374, 2021 WL 4595740 (D.N.J. Oct. 6, 2021), ECF No. 174 (denying renewed motion for judgment of acquittal).[1] In each of its three prior opinions, the Court rejected Tablack's arguments that his indictment and

---

[1] The Court also denied Tablack's motion for reconsideration of its motion to dismiss the indictment at the May 19, 2020 telephone status conference. *See United States v. Tablack*, No. 19-374 (D.N.J. May 19, 2020), ECF No. 120.

conviction should be tossed because cyclopropyl fentanyl was not listed in the federal drug schedules at the time of his arrest. *See Tablack I*, 2020 WL 5500382, at *2 ("Because Defendant was charged under the Analogue Act, all that matters is whether cyclopropyl fentanyl was substantially similar to a Schedule I or II controlled substance."); *Tablack II*, 2021 WL 3925689, at *4 ("[T]he Government presented sufficient evidence to establish that cyclopropyl fentanyl qualifies as a controlled substance analogue and thus, under the Analogue Act, the substance may be treated as a Schedule I controlled substance."); *Tablack III*, 2021 WL 4595740, at *2 (finding same where "Defendant rehashes his challenges about the sufficiency of the indictment and insists that he did not engage in unlawful conduct because cyclopropyl fentanyl was not a scheduled controlled substance during the relevant period.").

The Court now considers Tablack's arguments a fourth time. In his Motion for Reconsideration of the Court's Order, Tablack argues that "'cyclopropyl fentanyl' was not regulated under the Controlled Substances Act[,] during the period of charged activity." (Def.'s Moving Br. 2, ECF No. 175-1.) Given the procedural posture of the case, Tablack's Motion takes on a slightly different flavor than his prior Motions. This time, Tablack takes issue with the Court's jury instructions, arguing that "[t]he Court omitted from its instructions the legal element 'a controlled substance' . . . and replaced that legal element with the term *controlled substance analogue*." (*Id.* at 3.) Tablack further contends that the Court "did not instruct the jury that the Government must prove that the [D]efendant knew he was dealing with an actual regulated substance under the [Controlled Substances Act]." (*Id.*) The Government opposed Tablack's Motion (*see generally* Gov't's Opp'n Correspondence, ECF No. 177), and Tablack submitted a supplemental brief in reply (*see generally* Def.'s Reply Br., ECF No. 178).

## II.     LEGAL STANDARD

The Federal Rules of Criminal Procedure do not explicitly countenance motions for reconsideration. The Local Criminal Rules, however, contemplate these motions because Local Criminal Rule 1.1 incorporates Local Civil Rule 7.1(i), which governs motions for reconsideration. *See United States v. Bergrin*, No. 09-369, 2013 WL 4501469, at *1 (D.N.J. Aug. 22, 2013) (listing cases). The standard for civil motions for reconsideration is a familiar one, requiring movants to show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Notably, movants must file reconsideration motions within 14 days after entry of the relevant order. *See* L. Civ. R. 7.1(i); *United States v. Lieberman*, No. 15-161, 2019 WL 2568600, at *1 (D.N.J. June 21, 2019) (denying late reconsideration motion). Further, a reconsideration motion is an "extraordinary remedy" that is "to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

## III.    DISCUSSION

Tablack asks the Court to reconsider its Order. He principally contends that the Court's jury instructions were legally erroneous because the instructions defined cyclopropyl fentanyl as a "controlled substance analogue" rather than a "controlled substance." According to Tablack, the Government was required to prove that he knowingly manufactured and distributed a "controlled substance"—not an analogue like cyclopropyl fentanyl.

Before turning to the substance, the Court finds two disabling defects with Tablack's Motion. *First*, the Motion is untimely. As stated above, under this District's Local Civil Rules, litigants must file reconsideration motions within 14 days of entry of the order they seek to reconsider. *See* L. Civ. R. 7.1(i). Tablack, however, filed this Motion more than a month after the Court's Order. That fact alone merits denial of Tablack's Motion. *See Lieberman*, 2019 WL 2568600, at *1. *Second*, the Motion raises the same arguments as in Tablack's numerous prior briefs, even though reconsideration motions "are not to be used as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citing *Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). This fact also merits outright denial. *See Altana Pharma AG v. Teva Pharm. USA, Inc.*, No. 04-2355, 2009 WL 5818836, at *1 (D.N.J. Dec. 1, 2009) ("[C]ourts in this District routinely deny motions for reconsideration that simply re-argue the original motion.").

Further, even if the Court considers the substance, the Court denies Tablack's Motion. To start, Tablack's Motion does not specify which of the three grounds for reconsideration under which Tablack moves. Because the Motion neither cites any new controlling law nor raises any new evidence, the Court construes the Motion under the third prong. Under that prong, Tablack must show a clear error of law or manifest injustice with the Court's jury instructions. Neither exists. Under Tablack's indictment and the plain directives of the Controlled Substances Act, cyclopropyl fentanyl is a controlled substance analogue that was intended for human consumption. *See* 21 U.S.C. §§ 802(32), 813. As the Court stated in its charging conference (and again in its post-trial orders), "21 U.S.C. [§] 813 provides that '[a] controlled substance analogue shall, to the extent extended for human consumption, be treated for the purposes of any federal law as a

controlled substance in Schedule I.'" (Trial Tr. 707:5-8 (quoting 21 U.S.C. § 813); *see also, e.g.*, *Tablack II*, 2021 WL 3925689, at *4.) Thus, the Court's jury instructions are not legally infirm.

### IV. ORDER

The Court concludes that Tablack's Motion for Reconsideration is untimely, duplicative of prior motions, and substantively erroneous. Accordingly, for the reasons set forth above, and for other good cause shown,

**IT IS**, on this 4th day of January 2022, **ORDERED** as follows:

1. Tablack's Motion for Reconsideration (ECF No. 175) is **DENIED**.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE